FILED IN CHAMBERS
U.S.D.C. - Atlanta

AUG 2 4 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

*oxile*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA MARIE SMITH,
    Plaintiff,

       v.                  :    1:05-CV-2966-CAM

JOHN HILDEBRAND, et al.,
    Defendants.

## ORDER

Plaintiff, Donna Marie Smith, proceeding pro se, filed this
RICO and civil rights action against Defendants: John Hildebrand,
court-appointed attorney, represented Plaintiff in her criminal
proceedings before the Superior Court of Cobb County, Georgia; Piper
Quinn, court reporter, contracts with the Superior Court of Cobb
County, Georgia, and transcribes Judge Staley's hearings; Joseph
Gayle, probation officer with the Cobb County Probation Department,
Georgia Department of Corrections, supervised Plaintiff's probation;
Patrick Head, District Attorney for Cobb County, Georgia; Maria
Golick, former Assistant District Attorney for Cobb County, Georgia,
prosecuted the criminal action against Plaintiff; Dana Norman,
Assistant District Attorney for Cobb County, Georgia; Mary E.
Staley, Judge, Superior Court of Cobb County, Georgia, presided over
Plaintiff's criminal trial; Dorothy Robinson, Judge, Superior Court
of Cobb County, Georgia, presided over Plaintiff's petition for a
Writ of Habeas Corpus; Bryant Culpepper, Judge, Superior Court of
Bibb County, Georgia, presided over Plaintiff's petition for a Writ

of Habeas Corpus; Dana Jackel, attorney-at-law; J. Lynn Rainey, attorney-at-law; Mollie L. Fleeman, Division Director, Professional Licensing Boards Division, State of Georgia, revoked Plaintiff's Georgia nursing license; and Linda Roberts-Betsch, Marbury Stegall, Joan Darden, Linda Herren, Scott C. Thigpen, and Karen Wessinger, Georgia Board of Nursing, Professional Licensing Boards Division, Georgia.   Each Defendant is sued in his or her individual and official capacities.   Plaintiff stated,

> This civil RICO and civil rights action seeks to enjoin an unconstitutional accusation, indictment, trial and conviction and the unconstitutional post-trial and appellate proceedings in connection with THE STATE OF GEORGIA V. DONNA MARIE SMITH, Case No. 98090988-28; this civil RICO and civil rights action also seeks to enjoin the unconstitutional disciplinary sanctions (nursing license revocation) as well as the unconstitutional licensure reinstatement requirements imposed upon Plaintiff's person . . . ; and this action is to recover damages for the unconstitutional acts employed by all of the above named defendants. . . ."

The case is before the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2) and on Plaintiff's motion to recuse and various other motions.

PROCEDURAL BACKGROUND

Plaintiff filed her complaint on November 7, 2005.   In an order dated November 11, 2005, Magistrate Judge C. Christopher Hagy granted Plaintiff permission to proceed in forma pauperis and referred the case to the undersigned Judge for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2).   Rather than

2

waiting for the Court's frivolity determination, Plaintiff decided to proceed on her own and served several Defendants.  On December 16, 2005, Defendants Joseph Gayle, Maria Golick, Patrick Head, Dana Norman, Mary E. Staley, Dorothy Robinson, Bryant Culpepper, Mollie L. Fleeman, Linda Roberts-Betsch, Marbury Stegall, Joan Darden, Linda Herren, Scott C. Thigpen, and Karen Wessinger filed a motion to dismiss, contending the complaint fails to state a claim upon which relief can be granted for a civil RICO violation, the civil rights claims are barred by the statute of limitations, Judges Staley, Robinson, and Culpepper are entitled to judicial immunity, and the claims against Mollie L. Fleeman and members of the Georgia Board of Nursing were previously litigated in Plaintiff's state action.  On January 11, 2006, Defendant John Hildebrand filed an answer to Plaintiff's complaint.  On January 16, 2006, Defendants Dana Jackel and J. Lynn Rainey filed motions to dismiss, contending Plaintiff's claims fail to state a proper RICO claim and are barred by the statute of limitations.  On January 17, 2006, Plaintiff filed a motion to strike the motion to dismiss filed by Defendants Gayle, et al., contending some of the parties included in that motion have not yet been served and are therefore not lawful parties to the suit.  On February 15, 2006, Plaintiff filed a motion for recusal. On March 6, 2006, Plaintiff filed a motion for an extension of time to serve the Defendants she has not yet served.

3

LEGAL STANDARDS AND ANALYSIS

I.  Motion to Recuse

Plaintiff asks the undersigned United States District Court Judge to recuse himself from her case, asserting he "has in the past deliberately violated Plaintiff's personal liberties and has wantonly refused to provide due process and equal protection . . . which has come before said judge."  The only evidence offered by Plaintiff in support of her motion are the following allegations from her complaint: (1) "A federal judge has said that the witness's' [sic] sworn affidavit as to" comments allegedly made by Defendants Golick and Staley and overheard by the witness "was '*inadmissible hearsay*'"[1] (emphasis in original); and (2) "Both Defendant Golick and Defendant Staley (as were others) had been subpoenaed to that hearing with the intent by Plaintiff of calling them to testify before Judge Moye, Jr. about the criminal trial. . . .  Plaintiff, fearful for her safety, immediately asked for a protective order in that action.  That request was denied."  Plaintiff further asserts the undersigned judge "is presently deliberately violated [sic] Plaintiff's personal liberties by failing to notify Plaintiff that he has 'not sanctioned' Plaintiff's

---

[1]  In the complaint, Plaintiff added, "The law is clear that when a witness can testify under oath as to what he/she heard another say, such testimony is not hearsay."  Plaintiff is referred to Article VII of the Federal Rules of Evidence and, more specifically, Rule 801 for a better understanding of legal "hearsay."

lawsuit to go forward."  In support of her motion, Plaintiff cites, <u>inter alia</u>, 28 U.S.C. § 455.[2]

"[T]he Supreme Court has held that 'judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They <u>may</u> do so if they reveal an opinion that derives from an extrajudicial source; and they <u>will</u> do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'"  <u>Christo v. Padgett</u>, 223 F.3d 1324, 1334 (11th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1191 (2001) (quoting <u>Liteky</u> <u>v. United States</u>, 510 U.S. 540, 555 (1994))(emphasis in <u>Liteky</u>). "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."  <u>Id.</u> at 1333.  "Precedent clearly holds that adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."  <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1103 (11th Cir. 2001).  A request for recusal "based on Plaintiffs' dissatisfaction that this and other courts have not granted them the relief they demand . . . is not a ground for recusal."  <u>Liebman v. Skelly</u>, 2006 WL 648777 (N.D.Ga. Mar 14, 2006)

---

[2] "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "He shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."  28 U.S.C. § 455(b)(1).

(NO. 1:03-CV-3911-WSD). "Plaintiff's disagreement with the Court's rulings in this action is not a sufficient predicate for recusal; a contrary rule would enable any party to move for recusal after obtaining an unfavorable ruling." Lawal v. Winners Intern. Restaurants Co. Operations, Inc., 2006 WL 898180 at *4 (N.D. Ga. Apr 06, 2006) (NO. 1:04-CV-0913-WSD). "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." Liteky, 510 U.S. at 551. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 555. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. "A trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true." Lawal, 2006 WL 898180 at *4 (quoting United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976)).

Neither the ruling that the affidavit was inadmissible hearsay nor the refusal to grant a protective order indicate bias or partiality, nor are they sufficient to require the undersigned Judge to recuse himself from this case.

In this action, Plaintiff was notified that Magistrate Judge

6

Hagy referred the case to the undersigned Judge for a frivolity determination. No order been issued in this case since Magistrate Judge Hagy's order of November 22, 2005. Although, as Defendants stated, the Court had "'not sanctioned' Plaintiff's lawsuit to go forward," prior to the instant order the Court had made no determination as to whether the action could go forward or must be dismissed as frivolous.

Plaintiff has failed to show any reason why the undersigned Judge should recuse himself from the case.

II.  Frivolity Determination

As Magistrate Judge Hagy indicated, 28 U.S.C. § 1915(e)(2) provides that a federal court is required to dismiss an in forma pauperis complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

7

In reviewing whether a plaintiff has stated a claim, the Court presumes the truth of plaintiff's factual allegations, construing them favorably to the plaintiff. Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the Court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992); Mun. Utils. Bd. Of Albertville v. Ala. Power Co., 934 F.2d 1493, 1501 (11th Cir. 1991). The Court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). If a litigant fails to allege a cause of action or fails to provide factual allegations in support of his or her claims, then the complaint is subject to dismissal. See Chappel v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003), cert. denied, 540 U.S. 1219 (2004).

A.  Claims Asserted

In her complaint, Plaintiff asserts RICO and civil rights claims. All of Plaintiff's claims arose from events following and related to Plaintiff's arrest after a traffic accident on the evening of January 28, 1998. At that time, the state records showed that Plaintiff's driver's license was suspended for failing to pay a fine. Plaintiff contends, however, that she had already paid the fine.

Plaintiff asserts the following specific claims:

(1) all Defendants, acting as "a matter of policy and custom," as "part of a pattern and practice of criminal and civil racketeering activities," and "under color of law through the creation of a fictitious organization through which [they] and others, have stolen the identity of the republic, the State of Georgia, routinely deprive the inhabitants of Georgia and Plaintiff of life, liberty, and property without due process of law and under color of law";

(2) all Defendants, in violation of 18 U.S.C. § 1962(b)[3], injured Plaintiff "in her businesses and properties and acquired and maintained directly or indirectly an interest and/or control in Plaintiff's businesses and properties by a pattern of racketeering activity";

(3) all Defendants, in violation of 18 U.S.C. § 1962 (c)[4] and "for their own financial gain and enrichment," "by using the United States mails and wires in violation of Title 18 U.S.C. §§ 1342 and

---

[3] "It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(b).

[4] "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).

1343, committed acts of "Breaking and entering, Forgery, Battery, Witness Intimidation, Aiding and Abetting, Bribery, and theft in violation of the laws of Georgia";

(4) all Defendants, acting "under color of law and without any lawful state or corporate authority," operated "in the substantive capacity of a corporation(s) sole, for which the beneficiary participants are personally liable without any governmental or corporate immunity";

(5) Defendants Gayle, Golick, Head, Norman, Staley, Robinson, Culpepper, Jackel, and Rainey have, "under color of law and without any lawful state or corporate authority," restrained Plaintiff's "protected right to know nature and cause";

(6) Defendants Gayle, Golick, Head, Norman, Staley, Robinson, and Culpepper have, "under color of law and without any lawful authority," restrained Plaintiff's "protected liberty to the right to be free from involuntary servitude";

(7) Defendants Gayle, Golick, Head, Norman, Staley, Robinson, Culpepper, Jackel, and Rainey have, "under color of law and without any lawful authority[,] restrained Plaintiff's protected liberty to the right to be free from prosecution without disclosure of the nature and cause of the action";

(8) Defendants Hildebrand, Gayle, Golick, Head, Norman, Staley, and Robinson have, "under color of law and without any awful authority[,] restrained Plaintiff's protected liberty to the right

10

to be free from seizure without lawful process";

(9) Defendants Hildebrand, Quinn, Staley, Gayle, Head, Norman, Fleeman, Robert-Betsch, Stegall, Darden, Thigpen, and Wessinger have, "under color of law and without any lawful authority[,] restrained Plaintiff's protected liberty to the right to be free from taking property . . . without due process of law";

(10) Defendants Hildebrand and Staley have, "under color of law and without any lawful authority[,] restrained Plaintiff's protected liberty to the right to effective assistance of council in an action purporting to be a legal proceeding";

(11) Defendants Quinn, Jackel, Rainey, Fleeman, Robert-Betsch, Stegall, Darden, Herren, Thigpen, and Wessinger have, "under color of law and without lawful authority[,] restrained Plaintiff's protected liberty . . . not to have contracts impaired";

(12) Defendants Golick, Head, Norman, and Staley have, "under color of law and without lawful authority[,] restrained Plaintiff's protected liberty of the right to access to public records and to redress his government of grievances";

(13) Defendants Quinn, Gayle, Staley, Fleeman, Robert-Betsch, Stegall, Darden, Herren, Thigpen, and Wessinger have, "under color of law and without lawful authority[,] restrained Plaintiff's right to the peaceful enjoyment of her private property";

(14) Defendant Staley failed in her duty to stop three instances of false arrest;

11

(15) Defendants Jackel and Rainey failed in their duty to stop one instance of false arrest;

(16) Defendant Staley failed in her duty to stop Plaintiff's unlawful imprisonment;

(17) Defendants Gayle, Head, Norman, and Staley failed to prevent Plaintiff's "being compelled to the involuntary servitude of making 'appearance' at the false 'court' established as the enterprise 'Cobb County Superior Court, State of Georgia'";

(18) Defendants Gayle, Head, and Norman have restrained Plaintiff's "liberty of the constitutionally protected right to property (public records) and to redress Plaintiff's government" by refusing to produce certain records for Plaintiff's use;

(19) Defendants Head, Norman, Staley, Robinson, Culpepper, and Fleeman have tortuously interfered with Plaintiff's right to access to public records, access to the courts to redress Plaintiff's grievances, and right to be licensed to work as a nurse in the State of Georgia.

Plaintiff seeks monetary and injunctive relief and asks that any Defendant who violates any of the requested injunctions be subject to immediate arrest.


B.   Factual Allegations

Plaintiff alleged that Defendant Hildebrand, the court-appointed attorney who represented Plaintiff during the criminal

proceedings against her, "disobeyed (ignored) a lawful witness subpoena served upon him on or about January 8, 2004" to appear at a hearing for a new trial before Defendant Staley on January 20, 2004, and that he failed to notify either her or the court that he had a conflict.  She further alleged she wrote to him asking for an explanation and an apology, neither of which she received.   She contends he "worked with others to deny Plaintiff due process and equal protection under the law."  (emphasis in original).

Plaintiff alleged Defendant Staley, presiding judge at the State's criminal action against Plaintiff: (1) refused to issue a warrant for the arrest of Hildebrand when he failed to appear in court on January 20, 2004; (2) refused Plaintiff's request for a postponement of the hearing to ensure the appearance of Hildebrand; (3) denied Plaintiff's motions for extensions of time; (4) refused to allow Plaintiff to perform community service instead of paying fines and fees; (5) ignored Ms. Goldstein's "assertion on the law as to supersedeas pending appeal"; (6) refused to recuse herself from Plaintiff's Petition for a Writ of Mandamus; (7) took no action against Golick when Golick filed a motion for a leave of absence for the same date as Plaintiff's recusal hearing; (8) failed to send Plaintiff a copy of an order until it was too late to appeal; (9) refused to vacate and reissue the order; and (10) has conspired with others to deny, prevent, and delay Plaintiff from ever receiving

speedy, fair, or just hearings.[5]

Plaintiff alleged Defendant Quinn, court reporter who transcribed the hearing before Judge Staley on January 20, 2004, and whom she had informed of her indigent status, required her to pay for a transcript of the hearing, made her pick the transcripts up in person rather than mailing them to her, and failed to file the transcripts with the court.

Plaintiff alleged Defendant Gayle, the last probation officer assigned to Plaintiff, (1) in September 2002 had her placed on "intense probation" because she was a "high risk," but wouldn't tell her why because it was a "state secret"; (2) made Plaintiff report in person rather than by telephone; (3) scheduled a "compliance hearing" before Defendant Staley for January 7, 2003; (4) told Plaintiff that if she had not made a payment on her fine and fees before the hearing, he would ask that probation be revoked; (5) failed to prevent Plaintiff's having to make monthly appearances and payments to prevent having her probation revoked; and (6) on November 20, 2003, without explanation, informed Plaintiff she had been placed on non-reporting status.

Plaintiff alleges Defendant Golick, assistant district attorney assigned to prosecute the criminal charges against Plaintiff, (1)

---

[5]   Plaintiff states that she filed "a complaint against Defendant Staley with the Georgia Judicial Qualifications Commission" and the Commission has "failed to correct or stop those wrongs."

prior to a habeas show cause hearing on April 17, 2001, was overheard by an unidentified witness to tell Defendant Staley, "We have to do something about Donna Smith, we have to take her down"; (2) filed a motion for a leave of absence for the same date as the recusal hearing for which she had been subpoenaed; (3) ignored a lawful court order and failed to appear at the hearing; and (4) initiated a criminal action against Plaintiff that she knew, or should have known, was false.

Plaintiff alleged Defendants Head, Cobb County District Attorney, and Norman, Cobb County Assistant District Attorney who replaced Defendant Golick, refused to comply with Plaintiff's request for copies of public records. She further alleged they failed to charge her on the lesser-included offense of misdemeanor obstruction.

Plaintiff alleged Defendant Robinson, presiding judge for Plaintiff's habeas corpus petition originally filed in Fulton County and then transferred to Cobb County, during a show cause hearing on April 10, 2003, "stated, on the record, that she believed Plaintiff should be, and had a constitutional right to be, informed of the reasons why Plaintiff has been labeled a 'high risk' and had been placed on 'intense probation' by the Department of Corrections and Defendant Gayle," and then refused to explain why her final written order denied the habeas petition. Plaintiff further alleged the final order was issued June 13, 2003, more than six months after the

15

filing of the petition and that she had to file a motion and write two letters before Defendant Robinson issued the written order. Plaintiff alleged Defendant Robinson "failed to address the pertinent issues raised in Plaintiff's petition, particularly those raised at the hearing"; (2) failed to amend the order despite Plaintiff's repeated requests that she do so; and (3) failed to inform Plaintiff of the proper appellate procedures.

Plaintiff alleged Defendant Culpepper, "presiding judge the day Plaintiff traveled to Macon, Georgia, to file a state habeas corpus petition against Defendant Fleeman," delayed ruling on her application to proceed in forma pauperis and, when he did deny her application, also ruled on the merits of the petition, without having a hearing. Plaintiff further alleged Defendant Culpepper, assigned to the mandamus action she filed in Bibb County, sua sponte recused himself without notifying her. Plaintiff suggested that "by filing of the mandamus against Judge S. Phillip Brown," she had "ruffled [the] feathers" of all the "judges of the Bibb County Judicial Circuit and all of them knew that they could not be fair in any proceedings which involved Plaintiff."

Plaintiff alleged Defendants Jackel and Rainey, attorneys-at-law who hired Plaintiff to work in their firm as a nurse consultant/paralegal, fired her after only two weeks work, apparently after talking to Defendants Head and Norman without her permission. Plaintiff further alleged that, prior to being hired,

she told Defendant Jackel about her felony conviction, told him about her innocence and attempts to appeal, and, when he asked about the charges and conviction, truthfully answered his questions about the sentencing phase, but did not tell him about her probation. Plaintiff also alleged Defendant Jackel offered his firm's legal assistance in exonerating her.

Plaintiff alleged Defendant Fleeman, Division Director, Professional Licensing Boards Division, State of Georgia, slandered her by telling lies about her to Congressman Isakson who, in response to a request by Plaintiff, inquired into the actions taken against her by the Georgia Board of Nursing. Plaintiff also alleged Defendant Fleeman refused to retract the allegedly false remarks when Plaintiff asked that she do so. Plaintiff further alleged Defendant Fleeman, without authorization, required her to submit to mental and physical evaluations when there was no suggestion she was involved in drug or alcohol abuse, and, as a result of those evaluations, revoked Plaintiff's nursing license and refused to reinstate it when asked by Plaintiff.

Plaintiff alleged Defendants Roberts-Betsch, Stegall, Darden, Herren, Thigpen, and Wessiger, members of the Georgia Board of Nursing, failed to correct the actions taken against her by Defendant Fleeman.

C.  Analysis of Claims

1.  RICO Claims

"The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 (1994 ed. and Supp. IV), created a civil cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962." Beck v. Prupis, 529 U.S. 494, 495 (2000) (quoting 18 U.S.C. § 1964(c)). "Subsection (d) of § 1962 in turn provides that '[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of [§ 1962].'" Id. Nevertheless, "a person may not bring suit under § 1964(c) predicated on a violation of § 1962(d) for injuries caused by an overt act that is not an act of racketeering or otherwise unlawful under the statute." Id. at 506.

"[I]n order to have standing to sue for damages under section 1964(c) the plaintiffs must show: (1) a violation of section 1962; (2) injury to business or property; and (3) that the violation caused the injury." O'Malley v. O'Neill, 887 F.2d 1557 (11th Cir 1989), cert. denied, 496 U.S. 926 (1990). "[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." Id. (quoting Sedima, S.P.R.L. v. Imrex Co. Inc., 473 U.S. 479, 496 (1985)). "In other words, 'the compensable injury necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern . . . . Any recoverable damages

occurring by reason of a violation of § 1962(c) will flow from the commission of the predicate acts.'" Id. (quoting Sedima, 473 U.S. at 497)(omission in O'Malley).   "The language 'by reason of' in section 1964(c) imposes a proximate causation requirement on the plaintiffs." Id.

"The existence of a violation depends upon the presence of a 'pattern' of 'racketeering activity', and of an 'enterprise' engaged in or affecting interstate commerce." Friedlander v. Nims, 571 F. Supp. 1188, (N.D. Ga. 1983), appeal dism'd, 747 F.2d 1467 (11th Cir. 1984), and order aff'd, 755 F.2d 810 (11th Cir. 1985).   "RICO prohibits, broadly speaking, second stage criminal activity.  RICO does not punish or provide a remedy for murder, kidnapping, arson, or fraud. It punishes, or provides a remedy for, the operation — acquisition, investment, maintenance, or conduct — of enterprises through racketeering activity or as a result of racketeering activity." Friedlander, 571 F. Supp. at 1194.

The facts Plaintiff alleged are insufficient to state a RICO claim or give her standing to pursue a RICO claim against any Defendant.

2.  Civil Rights Claims

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1)deprived him or her of a right, privilege, or immunity secured by the Constitution

19

or a statute of the United States and (2) was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  "In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required."  Fullman v. Graddick, 739 F.2d 553, 556 (11th Cir. 1984). "In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."  Id. at 556-557.  "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged.  It is not enough to simply aver in the complaint that a conspiracy existed."  Id. at 557.  "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy."  Id.  Further, to go forward, a § 1983 complaint must (1) comply with the applicable statute of limitations and (2) withstand any entitlements to immunity.  The statute of limitations for a § 1983 claim arising out of events occurring in Georgia is two years.  Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003).  As discussed below in regard to particular defendants, judicial and quasi-judicial officers are protected by absolute immunity.  Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).

Plaintiff's allegations are insufficient to state a conspiracy claim.  Additionally, as this complaint was filed on November 7, 2005, Plaintiff is barred by the statute of limitations from proceeding with any claims based on actions which occurred before

20

November 7, 2003.

a.  Judicial Defendants

State judges are absolutely immune from damages liability for their judicial acts.  Stump v. Sparkman, 435 U.S. 349, 359 (1978).  "[T]he scope of a judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.  A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Id. at 356-57 (citation omitted).  Thus, "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. . . .  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (citations omitted).  Further, in any § 1983 action "brought against a judicial officer for an act or omission taken in such officer's judicial capacity," the plaintiff is limited to declaratory relief.  Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000).  When there are adequate remedies at law (such as appeal from a contested ruling), a § 1983 claim for declaratory relief is subject to dismissal.  Bolin, 225 F.3d at 1242, 1243 n.7.

To the extent Plaintiff seeks damages against any of the judicial defendants, none of the actions allegedly taken by Judge Staley, Judge Robinson, or Judge Culpepper were non-judicial.  Nor

21

were any performed in the "complete absence of all jurisdiction." To the extent Plaintiff seeks equitable relief against the judicial defendants, such claims are subject to dismissal.  See Bolin, 225 F.3d at 1242-43.

b.  Prosecutorial Defendants

A prosecutor is protected by absolute immunity from damages liability when performing as an advocate for the government.  See Burns v. Reed, 500 U.S. 478, 485-86 (1991).  Further, when there are adequate remedies at law (such as the ability to appeal in criminal proceedings), a § 1983 plaintiff is not entitled to equitable relief against prosecutorial officials.  Bolin, 225 F.3d at 1242-43.

To the extent Plaintiff seeks monetary damages against Defendant Golick for initiating a criminal action against Plaintiff, and against Defendants Head and Norman for failing to charge Plaintiff with a lesser-included offense, the claims are not only barred by the statute of limitations, but the actions upon which Plaintiff bases her claims were performed in Defendants' respective roles as advocates for the government.  To the extent Plaintiff seeks equitable relief against the prosecutorial defendants for those same actions, she is not entitled to such relief by way of a § 1983 action.  See Bolin, 225 F.3d at 1242-43.

To the extent Plaintiff seeks to assert a claim based on the allegation that some unidentified person overheard her say, "We have to do something about Donna Smith . . . ," the claim is barred by

22

the applicable statute of limitations.  Plaintiff's claim based on allegations that Defendant Golick filed a motion for leave of absence for the same date as a recusal hearing to which she had been subpoenaed and failed to appear at the hearing fails because Defendant Golick was not acting under color of law.

c.  Probation Officers

A probation officer, when "acting within the scope of his duties" is entitled to absolute immunity from § 1983 damage claims. Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005).

All of the actions alleged against Defendant Gayle were taken in his capacity as Plaintiff's probation officer and are therefore protected by absolute immunity from § 1983 damage claims.  Further, because Plaintiff had adequate remedies at law, equitable relief is not proper.  See Bolin, 225 F.3d at 1242-43.

d.  Attorneys

To the extent Plaintiff's claims against Defendants Hildebrand (that he failed to appear at a hearing for which he had been subpoenaed by Plaintiff without notifying her or the court that he had a conflict; that he failed to give her an explanation or apology), Jackel (that he hired her to work in his law firm and, within two weeks, fired her), and Rainey (same as Jackel) are not barred by the statute of limitations, they fail because none of these Defendants were acting under color of law.

23

e.   Court Reporter

Plaintiff asserts claims against Defendant Quinn for restraining her rights (1) to be free from the taking her property without due process of law, (2) not to have contracts impaired, and (3) to the peaceful enjoyment of her private property.  None of the factual allegations Plaintiff makes against Defendant Quinn support these claims.

f.   Licensing Board

Plaintiff asserts claims against Defendants Fleeman, Robert-Betsch, Stegall, Darden, Herren, Thigpen, and Wessinger for restraining her rights (1) to be free from the taking of property without due process of law, (2) not to have contracts impaired, and (3) to the peaceful enjoyment of her private property. Additionally, she asserts claims against Defendant Fleeman for the tortuous interference with her rights (1) to access to public records, (2) of access to the courts to redress grievances, and (3) to be licensed to work as a nurse in the State of Georgia. Plaintiff does not have an unlimited right to be licensed to work as a nurse in the State of Georgia.  To the extent the actions of the Licensing Board are not barred by the applicable statute of limitations, none of Plaintiff's factual allegations support any of her claims against Defendants Fleeman or other members of the Georgia Professional Licensing Board.

CONCLUSION

For the reasons stated above, Plaintiff's motion to recuse [# 12] is DENIED, and the Court finds Plaintiff's claims to be frivolous.  The case is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2).  All other motions are DENIED as moot [#'s 5, 7, 8, 10, 16].

SO ORDERED, this __24__ day of August, 2006.

UNITED STATES DISTRICT JUDGE
CHARLES A. MOYE, JR.

CAM:J

25